[Cite as *State v. Coleman*, 2019-Ohio-4224.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0018** |
| ANGELA ANNE COLEMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2017 CR 00336.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Angela Anne Coleman, appeals from the judgment entry of the Trumbull County Court of Common Pleas, terminating her community control sanctions and sentencing her to nine months in prison. Appellant argues her sentence is contrary to law. Because appellant has completed her sentence, the appeal is dismissed as moot.

{¶2} On May 18, 2017, appellant was arrested in Warren, Ohio, for possession of drugs and tampering with evidence. Appellant was indicted by the Trumbull County

Grand Jury on September 20, 2017. On January 24, 2018, she pled guilty to two counts: (1) Attempted Tampering with Evidence, a fourth-degree felony, in violation of R.C. 2923.02(A) and R.C. 2921.12(A)(1); and (2) Possession of Cocaine with a specification of forfeiture, a fifth-degree felony, in violation of R.C. 2925.11(A)&(C)(4)(a), R.C. 2941.1417(A), R.C. 2981.02(A)(2)&(3)(a), and R.C. 2981.04.

{¶3} On March 14, 2018, the trial court sentenced appellant to five years community control, subject to the general supervision and control of the Adult Probation Department. As part of her specific sanctions and conditions, appellant was prohibited from using illegal drugs and was ordered to comply with medical and mental health treatment.

{¶4} In June 2018, appellant tested positive for cocaine and was convicted of Attempted Breaking and Entering, a first-degree misdemeanor, in the Warren Municipal Court. As a result, on July 18, 2018, she pled guilty to violating conditions of her community control in the case sub judice. During the next two months, appellant tested positive for cocaine and marijuana, and she admitted use. Thus, on October 17, 2018, she again pled guilty to violating conditions of her community control. Each time she violated, the trial court continued appellant on community control. The trial court transferred appellant's supervision to intensive supervised probation and added additional sanctions, including successfully completing out-patient drug and alcohol treatment.

{¶5} In January 2019, the probation department requested another probation violation hearing. Appellant was accused of failing to report to the probation department, failing to comply with medical and mental health treatment, and failing to attend out-

2

patient drug and alcohol treatment. Additionally, appellant had been charged with Menacing by Stalking, a first-degree misdemeanor, in the Warren Municipal Court.

{¶6} On February 20, 2019, appellant pled guilty to violating conditions of her community control. This time, the trial court determined appellant was not amenable to community control sanctions and terminated her supervision. The trial court found appellant's community control violations were not "technical" violations and sentenced her to a prison term of nine months on each count, to be served concurrently. Appellant was awarded 118 days of credit for time served. She was notified that post release control is optional up to a maximum of three years.

{¶7} Appellant's nine-month prison sentence was entered on February 25, 2019, and this appeal followed. Appellant raises one assignment of error for our review:

{¶8} "The trial court erred by sentencing the appellant to a term of 9 months incarceration as the sentence is contrary to law."

{¶9} Appellant argues her sentence for violating the conditions of her community control sanction is contrary to law because the trial court failed to comply with R.C. 2929.15(B)(1)(c)(i)-(ii).

{¶10} Pursuant to R.C. 2929.15(B)(1)(c), the sentencing court is permitted to impose a prison term upon an offender who violates the conditions of a community control sanction, violates a law, or leaves the state without permission. Subsections (i) and (ii) provide limitations on the prison term that may be imposed when the community control sanctions were imposed for an underlying felony of the fifth or fourth degree:

> (i) If the prison term is imposed for any *technical violation* of the conditions of a community control sanction imposed for a **felony of the fifth degree** *or for any violation of law* committed while under a community control sanction imposed for such a felony that consists

3

of a new criminal offense and *that is not a felony*, the prison term *shall not exceed ninety days*. [Emphasis added.]

(ii) If the prison term is imposed for any *technical violation* of the conditions of a community control sanction imposed for a **felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense** *or for any violation of law* committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and *that is not a felony*, the prison term *shall not exceed one hundred eighty days*. [Emphasis added.]

{¶11} Appellant asserts the community control violations to which she pled guilty in February 2019 were "technical" violations and that she had not committed a new felony offense. She therefore contends her nine-month prison sentence exceeded the maximum penalty available to the trial court under the statute, to wit: 90 days for her fifth-degree felony offense (Attempted Tampering with Evidence) and 180 days for her fourth-degree felony offense (Possession of Cocaine).

{¶12} In support of her assignment of error, appellant relies solely on a decision of this court, *State v. Pino*, 11th Dist. Lake No. 2017-L-171, 2018-Ohio-2825, in which the state of Ohio conceded the defendant's argument. In *Pino*, this court concluded the defendant had committed a "technical" violation by drinking alcohol because, although it violated the conditions of his community control, it is not per se criminal in Ohio. *Id.* at ¶6. *Compare State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249, ¶39 ("overdosing on [heroin] is criminal in nature and cannot be considered a 'technical' violation of the terms and conditions of community control").

{¶13} Appellee, the state of Ohio, responds that appellant's violations were not "technical" in nature. The state relies on decisions from other Ohio appellate districts, which have held that a violation of a special, or specifically tailored, condition of

4

community control—e.g., completing a treatment program—is not a "technical" violation because the condition is "a substantive rehabilitative requirement which address[es] a significant factor contributing to [the defendant's] criminal conduct." *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶18; *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶10-15; *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶30.

{¶14} The Supreme Court of Ohio has recently accepted this issue for review. *See State v. Nelson*, Sup. Ct. No. 2019-0049 (Proposition of Law: "The caps on community-control-violation prison sentences for underlying, qualified fourth- and fifth-degree felonies apply to all community-control violations that are based upon conduct that does not constitute a felony-level crime. R.C. 2929.15(B)(1)(c)(i) and (ii).").

{¶15} We need not stay this case for the Supreme Court's decision, however, as the disagreement in the context of this specific appeal is now moot. Appellant was sentenced on February 25, 2019, to serve nine months in prison with credit for 118 days already served. Both the trial court and this court denied appellant's request for release on bond pending appeal. It appears from a calculation of the relevant dates and a review of the ODRC website that appellant completed her entire prison sentence prior to oral argument.

{¶16} "If an individual has already served his [or her] sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656, *1 (Dec. 14, 2001) (citation omitted). Thus, when the prison sentence has already been served and the

5

underlying conviction is not at issue, an assertion that the trial court erred in determining the length of that sentence is a moot issue because no relief can be granted. *Id. See also State v. Anderson*, 11th Dist. Ashtabula No. 2003-A-0131, 2005-Ohio-4655 (applying the mootness doctrine to an appeal from a defendant who had served his entire sentence for violating community control but remained on post release control); *State v. Popov*, 4th Dist. Lawrence No. 10CA26, 2011-Ohio-372, ¶8-9 (stating post release control has no effect on the justiciability of an appeal that solely challenges the length of a prison term imposed for violating community control).

**{¶17}** Here, appellant's sole challenge on appeal is to the length of the prison sentence imposed. She raises no argument with regard to her guilty plea or the finding of guilt on the charge of violating her community control conditions. Thus, there is no relief this court can afford appellant. Appellant's appeal has been rendered moot and, therefore, must be dismissed. *See State v. Berndt*, 29 Ohio St.3d 3, 5 (1987).

**{¶18}** Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

6