[Cite as *State v. Biscardi*, 2019-Ohio-4653.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-P-0003 2019-P-0004** |
| PAUL A. BISCARDI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas.
Case Nos. 2016 CR 00449 & 2017 CR 00036.

Judgment: Appeals dismissed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Mandy J. Gwirtz*, Mandy Gwirtz, LLC, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Paul A. Biscardi, appeals from the April 10, 2018 judgment of the Portage County Court of Common Pleas, terminating appellant's community control sanctions in two separate cases and sentencing him to two years in prison. Appellant argues his sentence is contrary to law. Because appellant has completed his prison sentence, the appeal is dismissed as moot.

{¶2} On November 29, 2016, appellant pled guilty to one count of aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A)(C)(1)(a) (case

no. 2016 CR 0449). On February 8, 2017, the trial court sentenced appellant to one year in prison but suspended the sentence for a period of five years under community control sanctions. The court notified appellant in the sentencing entry that if he violates the terms of his community control sanctions, appellant may receive more restrictive community control sanctions or "will serve a specific prison term of one year."

{¶3} On February 21, 2017, appellant pled guilty to one count of aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A)(C)(1)(a) (case no. 2017 CR 0036). On May 19, 2017, the trial court sentenced appellant to one year in prison, consecutive to 2016 CR 0449, but suspended the sentence for a period of five years under community control sanctions. The court notified appellant in the May 22, 2017 sentencing entry that if he violates the terms of his community control sanctions, appellant may receive more restrictive community control sanctions or "will serve a specific prison term of one year to run consecutive to Case No. 2016 CR 0449."

{¶4} On March 19, 2018, the probation department filed a motion to modify or revoke appellant's probation in both cases based on the following violations: (1) failing to refrain from using illegal drugs; (2) failing to refrain from consuming alcohol; (3) failing to report to his probation officer; and (4) failing to refrain from having contact with persons with criminal backgrounds. A hearing was held on the motion on April 9, 2018.

{¶5} The trial court determined that community control was no longer sufficient. It found appellant's violations were not "technical" in nature and sentenced appellant to a prison term of one year on each fifth-degree felony, to be served consecutively to each other. Appellant was awarded 188 days of credit for time served. He was notified that post release control was optional up to a maximum of three years.

{¶6} Appellant's two-year prison sentence was entered on April 10, 2018. This court granted appellant's motions for delayed appeals on March 11, 2019.

{¶7} Appellant raises one assignment of error for our review: "The trial court erred by sentencing the defendant-appellant to consecutive sentences."

{¶8} Appellant argues his sentence for violating the conditions of his community control sanction is contrary to law because the trial court failed to make the findings under R.C. 2929.14(C)(4), which are necessary for imposing consecutive sentences.

{¶9} When multiple prison terms are imposed on an offender for convictions of multiple offenses, the sentencing court may require the offender to serve the prison terms consecutively if the court finds (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) "if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

3

R.C. 2929.14(C)(4).  *See also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus ("In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.").

{¶10}  Here, the trial court found "that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public."  Thus, while the trial court made the first two findings under R.C. 2929.14(C)(4), it failed to make an additional finding under subsection (a), (b), or (c).

{¶11}  Appellee, the state of Ohio, concedes error.  The state's position on appeal is that, although clear and convincing evidence in the record supports the trial court's imposition of consecutive sentences, a remand is necessary to make the additional necessary finding.

{¶12}  We conclude, however, that appellant's delayed appeals are now moot. Appellant was sentenced on April 10, 2018, to serve two years in prison with credit for 188 days already served.  There was no request for a stay of execution of the sentence or release on bond.  It appears from a calculation of the relevant dates and a review of the ODRC website that appellant completed his entire prison sentence prior to this case coming on for appellate review.

{¶13}  "'If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction.'"  *State v.*

4

*Coleman*, 11th Dist. Trumbull No. 2019-T-0018, 2019-Ohio-4224, ¶16, quoting *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656, *1 (Dec. 14, 2001). Thus, when the prison sentence has already been served and the underlying conviction is not at issue, an assertion that the trial court erred in determining the length of that sentence is a moot issue because no relief can be granted. *Id. See also State v. Anderson*, 11th Dist. Ashtabula No. 2003-A-0131, 2005-Ohio-4655 (applying the mootness doctrine to an appeal from a defendant who had served his entire sentence for violating community control but remained on post release control); *State v. Popov*, 4th Dist. Lawrence No. 10CA26, 2011-Ohio-372, ¶8-9 (stating post release control has no effect on the justiciability of an appeal that solely challenges the length of a prison term imposed for violating community control).

{¶14} Here, appellant's sole challenge on appeal is to the consecutive nature, i.e. the length, of the prison sentence imposed. He raises no argument with regard to his guilty plea or the finding of guilt on the charge of violating his community control conditions. Thus, there is no relief this court can afford appellant. Appellant's appeals have been rendered moot and, therefore, must be dismissed. *See State v. Berndt*, 29 Ohio St.3d 3, 5 (1987).

{¶15} Appeals dismissed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.