[Cite as *State v. Edwards*, 2023-Ohio-4602.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,
CITY OF EASTLAKE,

        Plaintiff-Appellee,

- vs -

JUSTIN M. EDWARDS,

        Defendant-Appellant.

CASE NO. 2023-L-070

Criminal Appeal from the
Willoughby Municipal Court

Trial Court No. 2022 CRB 01140

# **O P I N I O N**

Decided: December 18, 2023
Judgment: Appeal dismissed

*Jackie O'Donnell*, City of Eastlake Prosecuting Attorney, 35150 Lakeshore Blvd., Eastlake, OH 44095 (For Plaintiff-Appellee).

*Cory R. Hinton*, 7351 Center Street, Suite 1, Mentor, OH 44060 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Justin M. Edwards ("appellant"), appeals from the sentence imposed by the Willoughby Municipal Court on June 8, 2023. Appellant asserts that trial court erred when it ordered the sentence to be served consecutively to a sentence imposed by the Lake County Court of Common Pleas in a separate and unrelated case. As appellant has completed the sentence imposed in this case, the appeal is dismissed as moot.

{¶2} On May 23, 2022, a complaint was filed charging appellant with one count of Assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A). The matter proceeded to a bench trial on April 11, 2023.

{¶3} At the conclusion of the trial, the trial court found appellant guilty of assault. Appellant then entered a guilty plea to a separate probation violation. The trial court proceeded directly to sentencing. The court below noted appellant's criminal history and determined there had been a "failure of rehabilitation." The trial court noted appellant was on probation at the time he committed the offense, and that he did not take responsibility for the assault. The trial court determined there was a high likelihood of recidivism.

{¶4} The trial court sentenced appellant to 60 days in the Lake County Jail on the probation violation with credit for 60 days. On the assault case, the trial court imposed a $250.00 fine and sentenced appellant to 180 days in jail with 30 days suspended. Appellant was given credit for nine (9) days. The sentence was ordered to be served consecutively to the sentence imposed by the Lake County Court of Common Pleas in a separate and unrelated matter. The sentencing entry was filed on June 8, 2023. According to the record, no motion or request to stay the execution of the sentence was filed.

{¶5} Appellant timely appeals and raises a single assignment of error:

[1] The trial court erred when it ordered Defendant's sentence to be served consecutively, rather than concurrently, to his previously ordered sentence.

{¶6} At the time of sentencing, appellant's trial counsel indicated that appellant had less than 50 days remaining on his unrelated sentence imposed by the Lake County Common Pleas Court and had an approximate release date of May 28, 2023. The

2

appellant was sentenced to 150 days on the underlying assault which was ordered to be served consecutively to the remaining time on the Lake County Common Pleas Court's sentence. Assuming appellant began serving his sentence imposed in this case on May 28, 2023, appellant completed his sentence in this case on or about October 16, 2023.[1] This Court issued a show cause order on October 31, 2023, regarding the apparent mootness of the sentencing issue as the sentence was likely served. On November 14, 2023, appellant's counsel filed a response consenting to the dismissal of the appeal.

{¶7}    In *State v. Biscardi*, 11th Dist. Portage No. 2019-P-0003, 2019-Ohio-4653, ¶ 13, this Court noted:

> "'If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction.'" *State v. Coleman*, 11th Dist. Trumbull No. 2019-T-0018, 2019-Ohio-4224, ¶16, quoting *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 WL 1602656, *1 (Dec. 14, 2001). Thus, when the prison sentence has already been served and the underlying conviction is not at issue, an assertion that the trial court erred in determining the length of that sentence is a moot issue because no relief can be granted. *Id. See also State v. Anderson*, 11th Dist. Ashtabula No. 2003-A-0131, 2005-Ohio-4655 (applying the mootness doctrine to an appeal from a defendant who had served his entire sentence for violating community control but remained on post release control); *State v. Popov*, 4th Dist. Lawrence No. 10CA26, 2011-Ohio-372, ¶8-9 (stating post release control has no effect on the justiciability of an appeal that solely challenges the length of a prison term imposed for violating community control).

{¶8}    Like *Biscardi,* appellant raises a single assignment of error challenging the imposition of consecutive sentences. Appellant does not challenge his conviction on the assault charge. As such, "there is no relief this court can afford appellant." *Id.* at ¶ 14.

---

1. This matter was submitted on the briefs on November 9, 2023.

Case No. 2023-L-070

Moreover, appellant's November 14, 2023 Response to this Court's October 31, 2023 Judgment Entry consents to the dismissal of this appeal. Accordingly, the appeal pending before us is moot, and therefore must be dismissed. *Id.*, citing *State v. Berdt*, 29 Ohio St.3d 3, 5 (1987).

{¶9} For the reasons set forth above, the appeal is dismissed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2023-L-070