[Cite as *State v. Barna*, 2024-Ohio-1350.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

NICHOLAS H. BARNA,

        Defendant-Appellant.

**CASE NOS. 2023-T-0068**
**2023-T-0069**

Criminal Appeals from the
Central District Court

Trial Court Nos. 2021 CRB 00247 A
2021 CRB 00247 B

**O P I N I O N**

Decided: April 9, 2024
Judgment: Appeals dismissed

*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. Devico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Nicholas H. Barna, appeals the judgment of the Trumbull County Central District Court sentencing him to 45 days in jail after he entered a plea of guilty to one count of theft, a misdemeanor of the first degree. Appellant contends he is statutorily entitled to have his sentence run concurrently with a separate Portage County, Ohio, case in which he was sentenced to nine-months' imprisonment for several felonies. We dismiss the appeal as moot.

{¶2} In Trumbull County Case Nos. 2021 CRB 00247 A and B, appellant was charged with one count of Theft, in violation of R.C. 2913.02, a misdemeanor of the first

degree, and one count of Criminal Trespass, in violation of R.C. 2911.21, a misdemeanor of the fourth degree. On October 25, 2021, appellant was transported to the Trumbull County Central District Court from the Portage County Jail, where he changed his plea from "not guilty" to "guilty" on the Theft charge and the Criminal Trespass charge was dismissed. On the same date, the trial court accepted appellant's plea and sentenced him to 45-days in jail.

{¶3} On May 17, 2022, appellant's attorney filed a motion to modify the sentence. The basis of this motion was the hardship appellant was experiencing due to the jail-term imposed in the underlying matter. Appellant's attorney was eventually permitted to withdraw from the matter and the trial court denied the motion.

{¶4} On May 11, 2023, appellant filed a letter with the trial court, which was treated as a pro se motion to suspend sentence or afford appellant jail-time credit. Appellant asserted the 45-day jail term should be served concurrently to a separate felony matter for which he was serving prison time. In support, appellant cited R.C. 2929.41(A) and (B)(1). The former provides, generally, that a sentence of jail or imprisonment for a misdemeanor shall be served concurrently with any other sentence of imprisonment. R.C. 2929.41(A). The latter states that a jail term or term of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court *specifies* that the term to be served consecutively. R.C. 2929.41(B)(1). According to appellant, the trial court did not specify the jail term would be served consecutively to the prison term, the jail term, as a matter of law, must be served concurrently with the prison term. The trial court denied the motion on May 11, 2023. That judgment was not appealed.

2

{¶5} On August 17, 2023, appellant's public defender filed an additional motion for jail-time credit, asserting substantially the same arguments. Attached to the motion was a sentencing judgment entry from the Portage County Court of Common Pleas. The judgment was entered on October 25, 2021, the same date as the sentencing judgment in the underlying misdemeanor case was entered. The sentencing entry from Portage County demonstrated appellant had pleaded guilty to three felony-four charges in Portage County. Appellant was sentenced to a total term of nine-months' imprisonment for the charges in Portage County. The trial court denied the August 2023 motion and this appeal followed.

{¶6} Appellant assigns the following as error:

{¶7} "The trial court erred by denying appellant's motion for jail-time credit."

{¶8} R.C. 2929.41(A) provides, in relevant part, that, except as provided under R.C. 2929.41(B), "a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution."

{¶9} R.C. 2929.41(B)(1) addresses the imposition of consecutive sentences for misdemeanors. That provision states: "A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively * * *."

{¶10} In this case, the record does not include a copy of the original misdemeanor sentencing hearing. Furthermore, the judgment entry on sentence does not specify that

3

the 45-day jail term shall be served consecutively. The record would ostensibly support appellant's position.

{¶11} The state asserts, however, that because each sentence was entered on the same date, the trial court cannot be charged with knowing it had to specify the sentence run consecutively with the Portage County matter. In other words, each sentencing entry was journalized on the same day. And the court is not permitted to run a sentence consecutively with a sentence that may be entered *in futuro*. *See State v. White,* 18 Ohio St.3d 340, 342, 481 N.E.2d 596 (1985) (holding a trial court may not enter a sentence to be served consecutively with additional sentences that are not yet entered). As such, the state maintains the 45-day jail sentence should not run concurrently with the felony sentence.

{¶12} It is undisputed that each discrete sentence was entered on the same day. And there is nothing in the record indicating the Trumbull County Central District Court had knowledge of the Portage County sentence, which may have occurred after the Trumbull County court entered the misdemeanor sentence. The timing of the sentences is unclear. Nevertheless, under the facts of this case, we need not reach the actual merits of the arguments asserted on appeal.

{¶13} Each sentence was issued on the same date, October 25, 2021. The failure to specify that the term would be served consecutive to any other sentence was tantamount to expressly ordering the jail time be served concurrently. Appellant's sentence in this case consequently expired 45-days from the date of sentencing, on December 9, 2021 (and his Portage County sentence expired in late July 2022). When a jail sentence has already been served and the underlying conviction is not at issue, a

4

challenge to the sentence is moot because no relief can be granted. *State v. Biscardi*, 11th Dist. Portage Nos. 2019-P-0003, 2019-P-0004, 2019-Ohio-4653, ¶ 13; *State v. Edwards*, 11th Dist. Lake No. 2023-L-070, 2023-Ohio-4602, ¶ 8. Because appellant has served the underlying sentence, this appeal is consequently moot.

{¶14} Appellant's assignment of error is overruled.

{¶15} Accordingly, these appeals are dismissed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

5