[Cite as *State v. Ingledue*, 2019-Ohio-397.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-47 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-0189 |
| | : | |
| CHARLES T. INGLEDUE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of February, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
 Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Oakwood, Ohio 45419
 Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, Charles Ingledue, was sentenced to a term of community control sanctions (CCS) after pleading guilty to receiving stolen property. The trial court, in addition to other sanctions, ordered Ingledue to serve a six-month term in the Clark County Jail. The alternate sentence in the event of a CCS revocation was an 18-month prison term. After completing the local incarceration, Ingledue admitted that he had violated three CCS conditions. As a result of Ingledue's admission, the trial court ordered him to serve a second six-month term in the Clark County Jail, which term has been completed. We conclude that the trial court did not have the authority to impose a second six-month term of local incarceration. However, since the sentence has been served, there is no meaningful relief that we can fashion, and, as a result, the appeal will be dismissed as moot.

**Facts and Procedural History**

{¶ 2} On April 4, 2017, Ingledue pleaded guilty to receiving stolen property, a fourth degree felony. As noted above, the trial court sentenced Ingledue to a term of CCS, with one of the conditions being the requirement that he serve six months in the Clark County Jail. Ingledue was afforded 74 days of jail time credit, and the jail term was completed some time ago.

{¶ 3} On September 21, 2017, the State initiated a CCS revocation proceeding against Ingledue, asserting that: 1) he had violated CCS condition 2, which required him to "keep [his] supervising officer informed of his residence and place of employment"; 2) he had violated CCS condition 5, which required that he "follow all orders verbal or written

including reporting requirements give[n] to [him] by [his] supervising officer * * * "; and 3) he had violated special condition 12(C), which required him to complete a "drug/alcohol assessment and successfully complete all recommended treatment and aftercare."

{¶ 4} Ingledue, on February 28, 2018, admitted to the violations. The trial court had Ingledue screened for admission into a community based correctional facility, but this avenue was abandoned when Ingledue voiced opposition to such admission. On April 2, 2018, the trial court instead imposed a second six-month term of local incarceration in the Clark County Jail with Ingledue's request for jail time credit being denied. This appeal followed. Ingledue, without requesting a stay, has completed the second six-month term of local incarceration.

**Analysis**

{¶ 5} Ingledue has asserted six assignments of error as follows:

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING SENTENCE NOT SUPPORTED BY THE RECORD AND CONTRARY TO LAW.

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IMPOSING A SECOND COMMUNITY RESIDENTIAL SANCTION OF SIX (6) MONTHS IN JAIL IN VIOLATION OF R.C. §2929.16(A)(2). THEREFORE APPELLANT'S SENTENCE SHOULD BE VACATED. FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION: SECTIONS 10 AND 16; ARTICLE 1 OF THE OHIO CONSTITUTION.

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY SPECIFYING AT SENTENCING HEARING, AND IN SENTENCING ENTRY, A PRISON CONSEQUENCE CONTRARY TO LAW.

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT ALL THE JAIL TIME CREDIT HE WAS ENTITLED TO.

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO INCLUDE IN SENTENCING ENTRY APPROPRIATE AMOUNT OF JAIL TIME CREDIT.

OTHER ERRORS WERE COMMITTED AT SENTENCING NOT RAISED HEREIN BUT APPARENT ON THE RECORD AND THE CUMULATIVE EFFECT OF ALL THE ERRORS DEPRIVED APPELLANT OF HIS RIGHTS TO FUNDAMENTAL FAIRNESS AND DUE PROCESS UNDER FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION: SECTIONS 10 AND 16; ARTICLE 1 OF THE OHIO CONSTITUTION.

Each assignment of error relates, in some fashion, to the trial court's imposition of the second six-month term of local incarceration.

{¶ 6} When the initial term of local incarceration was imposed, R.C. 2929.16 provided that a trial court, subject to restrictions not applicable to this discussion, could, as a community residential sanction, require a defendant sentenced to CCS to serve "up to six months in jail." R.C. 2929.16(A)(2).[1] The difficulty arises because in April 2018

---

[1] R.C. 2929.15 and R.C. 2929.16 were significantly amended effective October 31, 2018.

when the trial court imposed the second six month jail term, R.C. 2929.15(B) provided that, upon a CCS violation, a trial court could impose "a more restrictive sanction under [R.C] 2929.16 * * * ." R.C. 2929.15(B)(1)(b). However, since Ingledue had already served the maximum six-month jail term, the imposition of a second six-month jail term was not an available more restrictive sanction.[2] As such, the trial court was without authority to impose the second six-month jail term. *State v. Bedell*, 11th Dist. Portage No. 2008-P-0044, 2009-Ohio-6031, ¶ 13.

{¶ 7} This being said, Ingledue's assignments of error all attack the now-served six-month prison term. This raises the issue of mootness.

{¶ 8} An appeal which challenges a felony conviction is not moot even if a stay was not requested and the sentence has been served. *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus. This is so because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *Id.*

{¶ 9} The analysis is different, however, when the appeal relates not to a defendant's felony conviction but, instead, to an already-served sentence. The mootness doctrine arises from the "long established [premise] that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v.*

---

[2] R.C. 2929.15(B)(1) and R.C. 2929.16(A)(6), as amended effective October 31, 2018, allow the imposition of a new six-month jail term. R.C. 2929.15(B)(1)(b) states that upon a CCS violation a trial court may impose a more restrictive sanction including "a new jail term * * * pursuant to [R.C. 2929.16(A)(6)]." R.C. 2929.16(A)(6) states that upon a CCS violation a trial court may impose "a new term of up to six months * * * in a jail, which term shall be in addition to any other term imposed under this division."

*Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). As such, courts should not decide "purely academic or abstract questions." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 (10th Dist.1991), citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910).

{¶ 10} An appeal attacking an already-served felony sentence is moot when there is no indication that the sentence, as opposed to the conviction, will cause the defendant to suffer some collateral disability or loss of civil rights. *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236, 237-238 (1975); *State v. Muwwakkil*, 2d Dist. Clark No. 2018-CA-37, 2018-Ohio-4443, ¶ 7, quoting *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. The Eleventh District, in a similar circumstance, concluded that an "argument relating solely to the imposition of [an already served CCS] jail sentence is * * * moot." *Bedell*, 11th Dist. Portage No. 2008-P-0044, 2009-Ohio-6031, at ¶ 15, citing *State v. Corpening*, 11th Dist. Ashtabula No. 2005-A-58, 2006-Ohio-5290, ¶ 6.

{¶ 11} Turning to the pending case, Ingledue has not suggested and we cannot discern any collateral disability arising from his service of the contested six-month jail term. We accordingly conclude that, since Ingledue's appeal only attacks the already-served second six-month jail term, there is no available remedy, and the appeal is moot.

{¶ 12} Ingledue's appeal is dismissed as moot.[3]

. . . . . . . . . . . .

---

[3] Assuming he remains on CCS, upon a future CCS violation, Ingledue would be entitled to jail time credit for the jail time and any other confinement he has served. *State v. Whited*, 12th Dist. Butler No. 2018-04-79, 2019-Ohio-18. Further, Ingledue's total period of confinement cannot exceed the eighteen month alternate sentence subject to R.C. 2929.15(B)(1)(c)(ii) which, as to a fourth degree felony, limits the prison term imposed after a technical CCS violation to ninety days, subject, of course, to credit for confinement already served.

WELBAUM, P.J. and FROELICH, J., concur.


Copies sent to:

Andrew P. Pickering
Carlo C. McGinnis
Hon. Richard J. O'Neill