[Cite as *State v. Hatfield*, 2019-Ohio-3291.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-36 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-184 |
| | : | |
| ERIC "BUBBA" LEE HATFIELD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 16th day of August, 2019.

. . . . . . . . . . .

SAMUEL ADAM USMANI, Atty. Reg. No. 0097223, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

FRANK MATTHEW BATZ, Atty. Reg. No. 0093817, 126 North Philadelphia Street, Dayton, Ohio 45403
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Eric Hatfield appeals from his conviction and sentence for aggravated possession of drugs, a fifth-degree felony. Hatfield contends that the trial court erred in calculating the amount of a post-release control ("PRC") to be imposed under R.C. 2929.141(A)(1). In addition, Hatfield maintains that his trial counsel rendered ineffective assistance of counsel by incorrectly calculating the PRC time and in failing to object to the time the trial court imposed.

{¶ 2} Because Hatfield has completed his prison sentence, has been released from prison, and has not been placed on PRC there is no remedy we can provide. Accordingly, this appeal will be dismissed as moot.

## I. Facts and Course of Proceedings

{¶ 3} In September 2017, Hatfield was indicted on two counts of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), both fifth-degree felonies, and illegal use of or possession of drug paraphernalia, a fourth-degree misdemeanor. The charges were based on methamphetamine found on a plate and a card with residue at Hatfield's residence, and methamphetamine found in Hatfield's system, as demonstrated by the results of a urine drug screen. At the time of the crimes, Hatfield was on PRC for a prior felony.

{¶ 4} On November 13, 2017, Hatfield agreed to plead guilty to count two of the indictment (concerning the methamphetamine found in his system), and the State asked the court to dismiss counts one and three of the indictment. During the plea hearing, the court noted that Hatfield had 203 days remaining on PRC when he committed the offense. Transcript of Plea Hearing, p. 7. At that time, the court informed Hatfield that if it

decided to impose the penalty for violating PRC, Hatfield could be subjected to a total sentence of 12 months maximum prison time for the offense, plus 203 days for the PRC violation. *Id.* at p. 9. After being fully advised of his rights, Hatfield pled guilty. The court then accepted Hatfield's plea, found him guilty as charged, and set a sentencing hearing for December 11, 2017.

{¶ 5} At the sentencing hearing, the court imposed a seven-month sentence for the drug possession charge and 203 days for the PRC violation. In the sentencing entry, the court also gave Hatfield 9 days of jail time credit. Hatfield timely appealed from the judgment of conviction.

{¶ 6} On May 29, 2018, appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that counsel failed to find any meritorious issues for appeal. Counsel did suggest two assignments of error to aid in our independent review. One potential error was that the prison sentence was contrary to law because the trial court failed to consider the sentencing factors in R.C. 2929.11 and R.C. 2929.12. The other potential error was that Hatfield was improperly sentenced to 203 days of PRC. Counsel found no merit in either assignment of error. The State did not respond to the *Anders* brief.

{¶ 7} On June 18, 2018, we notified Hatfield that his counsel had filed an *Anders* brief and gave him 60 days to file a pro se brief. However, Hatfield did not file a pro se brief. Subsequently, on November 5, 2018, we filed an entry in which we found that one of counsel's issues had arguable merit. *See State v. Hatfield*, 2d Dist. Champaign No. 2017-CA-36 (Nov. 5, 2018), p. 1. We noted that the term of the applicable PRC penalty (203 days) was calculated from a date other than the date of sentencing. *Id.* at p. 4. We

stressed, however, that when the PRC penalty in R.C. 2929.141(A)(1) is imposed, trial courts must use the date of sentencing to calculate the days a defendant has remaining on PRC. *Id.*, citing *State v. Evilsizor*, 2d Dist. Champaign No. 2017-CA-1, 2018-Ohio-3599.

{¶ 8} We then appointed new counsel for Hatfield on December 4, 2018, and new counsel filed an appellate brief on January 4, 2019, raising two assignments of error. After the State responded, Hatfield filed a reply brief. This matter, therefore, is ready for resolution.

## II. Alleged PRC Violation

{¶ 9} Because the assignments of error are interrelated, we will consider them together. Hatfield's Assignments of Error state that:

The Appellant's Previous Post-Release Control Added to His Sentence Was Not Calculated From the Date of Sentencing.

Appellant Was Provided With Ineffective Assistance of Counsel

{¶ 10} Under the First Assignment of Error, Hatfield contends that the trial court erred by calculating the 203 day PRC penalty from the date he committed the crime (August 4, 2017), rather than the date of sentencing, as required by our prior opinions.

{¶ 11} Under the Second Assignment of Error, Hatfield contends that trial counsel rendered ineffective assistance of counsel by failing to correctly calculate the days that he served on PRC at the time of the plea hearing and by failing to object to the imposition of 203 days as the remaining PRC time.

{¶ 12} In responding to Hatfield's brief, the State argues that the appeal is moot,

because Hatfield was released from prison on January 11, 2019, and no PRC was imposed. In the event that the appeal is not moot, the State also concedes error in calculation of the PRC penalty.

{¶ 13} In a reply brief, Hatfield contends that the appeal is not moot because we should find that any period of PRC would begin on the date he should have been released from prison (not the date he was actually released). Alternatively, Hatfield argues that we should remand the case to the trial court for recalculation of the PRC for this case.

{¶ 14} "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9. Cases become moot where " 'parties lack a legally cognizable interest in the outcome.' " *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Nonetheless, the Supreme Court of Ohio has recognized various exceptions to the mootness doctrine. For example, the "collateral-consequences exception" applies to felony convictions even if a defendant has served the entire sentence, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *Id.* at ¶ 9; *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus.

{¶ 15} *Golston* has been distinguished, however, in cases where defendants challenge their sentences and not their convictions, have already completed their sentences, and have not been sentenced to PRC. In such situations, there is no evidence that the defendants will suffer any collateral disability or loss of civil rights. *State v. Ambriez*, 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 10; *State v. Blivens*,

11th Dist. Lake No. 98-L-189, 1999 WL 960955, *3 (Sept. 30, 1997); *State v. Ingledue*, 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶ 10. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. "For example, a person may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied." *Id.*

**{¶ 16}** We have checked the website of the Ohio Department of Rehabilitation and Correction ("ODRC"). As the State indicates, Hatfield is no longer in prison and is not on PRC. We have previously said that we will take judicial notice of the ODRC website. *State v. Welch*, 2017-Ohio-314, 81 N.E.3d 997, ¶ 21 (2d Dist.), citing *State v. Evans*, 2d Dist. Montgomery No. 24928, 2012-Ohio-5099, ¶ 8.

**{¶ 17}** Because Hatfield has been released from prison and is not under PRC, there is no remedy we can afford. Accordingly, Hatfield's appeal is dismissed as moot.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Samuel Adam Usmani
Frank Matthew Batz
Hon. Nick A. Selvaggio