[Cite as *State v. Reyes*, 2023-Ohio-3798.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 112529 |
| v. | : | |
| JAMES REYES, | : | |
| Defendant-Appellee. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED; REMANDED
**RELEASED AND JOURNALIZED:** October 19, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676405-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio ("State"), brings this appeal challenging the trial court's three-year prison sentence for defendant-appellee, James Reyes's ("Reyes"), felonious assault conviction. Specifically, the State argues

the trial court erred by failing to impose a sentence under the Reagan Tokes Law. For the reasons set forth below, we vacate Reyes's sentence and remand to the trial court for resentencing in accordance with the Reagan Tokes Law.

## I. Facts and Procedural History

{¶ 2} In December 2022, Reyes was charged in a two-count indictment. Both counts charged him with felonious assault and carried one- and three-year firearm specifications. In February 2023, Reyes pled to an amended Count 1 with the one-year firearm specification. The remaining count was nolled. During the plea advisement, the trial court stated that it found the Reagan Tokes Law to be unconstitutional. Nevertheless, the court continued to advise Reyes that he is "subject to indefinite term of either 2 to 3 years, 3 to 4-1/2 years, 4 to 6 years, 5 to 7-1/2 years, 6 to 9 years, 7 to 10-1/2 years, or 8 to 12 years under the Reagan Tokes Law." (Tr. 7.) The matter then proceeded directly to sentencing, where the trial court imposed a "prison sentence at the Lorain Correctional Institution of 3 year(s)" and the court determined that the "indefinite provisions of SB 201 to be unconstitutional[.]" (Judgment Entry, Feb. 15, 2023.)

{¶ 3} It is from this judgment, that the State appeals, raising the following single assignment of error for review:

> **Assignment of Error One:** The trial court plainly erred when it found S.B. 201 [Reagan Tokes Law] to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

## II. Law and Analysis

**{¶ 4}** The State, by arguing that the trial court committed plain error when it did not sentence Reyes under the Reagan Tokes Law, acknowledges its failure to object at the trial court, which results in a plain error standard of review on appeal.[1] *State v. Debose*, 8th Dist. Cuyahoga No. 109531, 2022-Ohio-837, ¶ 14-15 (where this court found that an appellate court may still review the trial court's decision for plain error even when the appellant failed to object to the constitutionality of the Reagan Tokes Law before the trial court).

**{¶ 5}** To demonstrate plain error, the State "must show 'an error, i.e., a deviation from a legal rule' that was 'an "obvious" defect in the trial proceedings,' and that the error 'affected a substantial right,' i.e., a 'reasonable probability' that the error resulted in prejudice, affecting the outcome of the trial." *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 91 (8th Dist.), quoting *State v. Rogers*, 143 Ohio St. 3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22; *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. "'We recognize plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."'" *Id.* at ¶ 91, quoting *Lyndhurst v. Smith*, 8th Dist. Cuyahoga No. 101019, 2015-Ohio-2512, ¶ 32, quoting *State v. Landrum*, 53 Ohio St.3d 107, 110, 559 N.E.2d 710 (1990).

---

[1] We note that under R.C. 2953.08(B)(2), the state has the right to appeal a sentence if it is contrary to law. A sentence that fails to impose a mandatory provision is contrary to law. *State v. Underwood*, 124 Ohio St. 3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 6} The Reagan Tokes Law provides that certain first- and second-degree felonies are qualifying offenses subject to an indefinite sentencing scheme. R.C. 2929.14. When imposing prison terms for offenders with qualifying offenses, trial courts are required to impose an indefinite sentence by imposing a stated minimum prison term, as provided in R.C. 2929.14(A)(2)(a), and an accompanying maximum prison term, as provided in R.C. 2929.144(B).

{¶ 7} The State argues it was plain error for the trial court to not impose the sentence required under the Regan Tokes Law because this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), found that the Reagan Tokes Law is constitutional and does not violate the right to jury trial, the separation-of-powers doctrine, and the right to due process. Reyes acknowledges that this court has found the Reagan Tokes Law constitutional on these grounds, and submits his appellate brief in the interests of preserving his argument.

{¶ 8} While the State relies on our decision in *Delvallie*, the Ohio Supreme Court recently found, in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, that the Reagan Tokes Law is constitutional. The *Hacker* Court determined that the law does not violate the separation-of-powers doctrine, the right to a jury trial, or the right to due process. *Id.* at ¶ 41.

{¶ 9} Although Reyes's felonious assault conviction was a qualifying offense subject to indefinite sentence, the trial court, in the instant case, found the Reagan Tokes Law unconstitutional and imposed a definite term of two years on that count. Accordingly, we find that the definite sentence imposed by the trial court

was contrary to law. *State v. Clausing*, 8th Dist. Cuyahoga No. 110776, 2022-Ohio-1762, ¶ 22, citing *State v. McCalpine*, 8th Dist. Cuyahoga No. 110665, 2022-Ohio-842, ¶ 6; *State v. Primm*, 8th Dist. Cuyahoga Nos. 110479 and 110480, 2022-Ohio-945, ¶ 10.

{¶ 10} The State's sole assignment of error is sustained. The trial court's aggregate three-year prison sentence is vacated, and the matter is remanded to the trial court for a resentencing hearing in accordance with the Reagan Tokes Law.

## III. Conclusion

{¶ 11} It was plain error for the trial court to sentence Reyes to a definite sentence when he was subject to an indefinite sentence under the Reagan Tokes Law, which the Ohio Supreme Court in *Hacker*, Slip Opinion No. 2023-Ohio-2535, recently found to be constitutional.

{¶ 12} Accordingly, Reyes's three-year prison sentence is vacated, and the matter is remanded to the trial court for a resentencing hearing in accordance with the Reagan Tokes Law.

Costs waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

Keywords:

State's appeal; sentence; plain error; Regan Tokes Law; constitutionality. Judgment vacated and remanded. It was plain error for the trial court to sentence the defendant to a definite sentence when he was subject to an indefinite sentence under the Reagan Tokes Law. Accordingly, the defendant's three-year prison sentence is vacated, and the matter is remanded to the trial court for resentencing in accordance with the Reagan Tokes Law.