[Cite as *State v. Burrell*, 2024-Ohio-638.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-P-0053 |
| Plaintiff-Appellant, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| QUENTON BURRELL, JR., | |
| Defendant-Appellee. | Trial Court No. 2023 CR 00435 |

## O P I N I O N

Decided: February 20, 2024
Judgment: Reversed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*James R. Eskridge*, Megargel, Eskridge, and Mullins, LLP, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellee).


MATT LYNCH, J.

{¶1} Plaintiff-appellant, the State of Ohio, appeals from the lower court's sentences of defendant-appellee, Quenton Burrell, Jr., for Illegal Conveyance of Prohibited Items onto the Grounds of a Detention Facility and Aggravated Possession of Drugs. For the following reasons, we reverse the judgment of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On April 20, 2023, the Portage County Grand Jury issued an Indictment, charging Burrell with Illegal Conveyance of Prohibited Items onto the Grounds of a Detention Facility, a felony of the third degree, in violation of R.C. 2921.36; and five counts

of Aggravated Possession of Drugs, felonies of the third, fourth, and fifth degree, in violation of R.C. 2925.11.

{¶3} On June 21, 2023, a plea hearing was held and a written plea agreement was filed. Burrell pled guilty to Illegal Conveyance (Count One) and two counts of Aggravated Possession (Counts Three and Six), felonies of the third and fourth degree. The court accepted his pleas and found him guilty of the offenses. It then proceeded to sentence Burrell and found the following: "In count one, you're sentenced to nine months; in count three, you're sentenced to seven months; in count six, you're sentenced to nine months. The sentences imposed under counts one and six are suspended. The aggregate sentence is seven months at the Lorain Correctional Institution." The trial court memorialized the plea and sentence in an entry which repeated that "[t]he sentence on Counts One and Six are suspended" and his sentence was "an aggregate total of 7 months, or until otherwise legally released." The entry also stated, in relation to its discussion of accepting the guilty plea that "if the Defendant is granted community control at any point, the Defendant will have conditions to follow and if the Defendant violates any of those conditions, there could be given a longer period under Court control and/or greater restrictions, or a prison term of 36 months for the felonies of the Third Degree, and 18 months for the Felony Four." It did not state that a term of community control was imposed as part of the sentence.

{¶4} The State appeals and raises the following assignment of error:

{¶5} "The trial court erred by suspending the prison sentences on the illegal conveyance and third-degree felony aggravated possession counts."

{¶6} The State argues that the lower court did not have authority to suspend the

2

Case No. 2023-P-0053

sentences for Illegal Conveyance and the third-degree felony Aggravated Possession count (Count Six) as there is no statutory provision allowing it to do so.

{¶7} Prior to addressing whether the trial court's sentence was contrary to law, we first consider Burrell's argument that this issue is moot. Burrell argues that this matter is moot because he was set to complete his prison sentence on November 14, 2023. He contends that when a sentence is complete, errors relating to the issuance of that sentence render an appeal moot.

{¶8} Courts have held that "when the prison sentence has already been served and the underlying conviction is not at issue, an assertion that the trial court erred in determining the length of that sentence is a moot issue because no relief can be granted." *State v. Biscardi*, 11th Dist. Portage Nos. 2019-P-0003 and 2019-P-0004, 2019-Ohio-4653, ¶ 13; *State v. Edwards*, 11th Dist. Lake No. 2023-L-070, 2023-Ohio-4602, ¶ 8 (defendant's challenge to his consecutive sentences was moot since he had already served the sentence and "there is no relief this court can afford appellant") (citation omitted). The foregoing authority, however, is cited in relation to appeals by criminal defendants requesting a reduction of their sentences rather than in a sentencing appeal by the State. Burrell recognizes the foregoing but argues: "[J]ustice is blind. This case is either moot or it[']s not because the defendant has served his sentence. What is good for the goose is good for the gander." We disagree with this argument.

{¶9} In the case of a defendant seeking to reduce his sentence, the completion of this sentence renders it impossible for the appellate court to provide such a remedy. In contrast, in the case of an appeal filed by the State, completion of the sentence issued by the trial court does not prevent the defendant from serving a potentially longer

3

sentence if one is ordered on appeal. This issue was addressed by the Tenth District in *State v. Marcum*, 2015-Ohio-5237, 54 N.E.3d 719 (10th Dist.). In *Marcum*, the State appealed the trial court's sentence, arguing that it was contrary to law. The appellate court recognized the different considerations in appeals initiated by the State in contrast to a defendant. While a defendant's appeal of a sentence already served is moot due to the lack of an effective remedy, "the same reasoning does not apply when the state is the party appealing a sentence, as is the case here, because the state's challenge to the leniency of a sentence can result in an effective remedy." *Id.* at ¶ 7.

{¶10} It has further been observed that a defendant has "'no legitimate expectation of finality in a sentence that remains subject to direct review'" and which has been appealed by the State. (Citations omitted.) *Id.* at ¶ 8, citing *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 16. "[W]hen there is no legitimate expectation of finality in a sentence that remains subject to direct review, the defendant may be resentenced even after the defendant is released from prison." *Id.*; *State v. Christian*, 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216, ¶ 18 ("[b]ecause [defendant's] sentences * * * were subject to correction * * *, [defendant] had no expectation of finality in those portions of her original sentence" and it was appropriate to resentence her although she had completed her previously ordered prison term).

{¶11} Burrell cites *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, as authority for the proposition that there is a jurisdictional concern. In *Holdcroft*, the Supreme Court indicated that a trial court loses jurisdiction to sentence a defendant in certain circumstances when he has already served his term of incarceration. It indicated that where a "valid prison sanction has been served * * * the court has lost

4

*jurisdiction* to modify the sentence." (Emphasis sic.) *Id.* at ¶ 14. We emphasize, however, that the court held: "Neither this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for *that* offense." (Emphasis added.) *Id.* at ¶ 19. In *State v. Ervin*, 2018-Ohio-1359, 110 N.E.3d 554 (12th Dist.), the Twelfth District distinguished *Holdcroft* where the defendant had completed a prison term for a firearm specification but not for the underlying offenses, holding that the trial court had jurisdiction to resentence on those offenses. *Id.* at ¶ 18-20. Here, while Burrell completed his sentence for count three, the State is not seeking resentencing for that offense. Rather, it requests that an improperly imposed suspended sentence for separate offenses be corrected.

{¶12} Further, the *Holdcroft* court noted that "a defendant's legitimate expectation of finality plays [a role] in constraining the court's authority to review a sentence." *Id.* at ¶ 18. *See also State v. Brasher*, 171 Ohio St.3d 534, 2022-Ohio-4703, 218 N.E.3d 899, ¶ 23 ("had the victims pursued restitution in a direct appeal, the trial court's judgment would not have become final, avoiding the timing and jurisdictional issues created by the absence of a timely appeal and [the defendant's] completion of his sentence"). As noted above, the timely direct appeal initiated by the State avoided concerns about the court lacking authority to correct its sentence since Burrell did not have a legitimate expectation of finality. *See State v. Armengau*, 2020-Ohio-3552, 154 N.E.3d 1085, ¶ 17 (10th Dist.), citing *Holdcroft* at ¶ 18 ("only after direct appeal is concluded or the time to appeal has expired does it become true that '[a] trial court does not have the authority to resentence a defendant * * * after the defendant has already served the prison term for that offense'").

5

As noted above, the Supreme Court in *Christian* found that the trial court had authority to resentence a defendant although she had been confined for the length of the original prison term since the sentence was challenged in a direct appeal. *Id.* at ¶ 28. Since the present appeal is not moot and the sentence is subject to review and correction by the trial court, we will proceed to consideration of whether the trial court's sentence was contrary to law.

{¶13} R.C. 2953.08(B)(2) permits the prosecutor to appeal a felony sentence when the sentence is contrary to law. "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds" that "the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b).

{¶14} The State concedes that it did not object to the sentence in the trial court and that this matter should be reviewed for plain error. Pursuant to Crim.R. 52(B) "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome would have been otherwise." *State v. Lefkowitz*, 11th Dist. Trumbull No. 2021-T-0054, 2022-Ohio-4052, ¶ 15. "It is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error." *State v. Efford*, 8th Dist. Cuyahoga Nos. 112077 and 112078, 2023-Ohio-3360, ¶ 18.

{¶15} The State contends that the lower court acted outside of its statutory authority when it gave him suspended sentences on two felony counts, Illegal Conveyance and Aggravated Possession (Count Six), as such a sentence is

6

impermissible.

{¶16} "[I]n Ohio, judges have no inherent power to create sentences, and the only sentence that a trial judge may impose is that provided for by statute." *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 18; *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22 (a court may "impose sentences only as provided by statute").

{¶17} Prior to the enactment of SB-2 in 1995, "it was a regular practice in felony sentencing to impose a prison sentence and then suspend the sentence and grant probation with specific terms and conditions." (Citation omitted.) *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 21. However, "[c]urrent felony sentencing statutes * * * require trial courts to impose either a prison term or community control sanctions on each count." (Citation omitted.) *Id* at ¶ 23. "The [post-SB 2 felony-sentencing] statutes no longer discuss 'suspension' of sentence; rather, the *alternative* to a sentence of imprisonment is a sentence of community control sanctions." *Id.* citing *Baldwin's Ohio Practice, Criminal Law,* Section 119:2. Appellate courts have consistently held that, in issuing a felony sentence, a court may not order a defendant to serve a suspended sentence. *State v. Duncan*, 2016-Ohio-5559, 61 N.E.3d 61, ¶ 26 (12th Dist.) ("a sentencing court can no longer suspend a prison term"); *State v. Lugo-Casiano*, 8th Dist. Cuyahoga No. 112449, 2023-Ohio-3711, ¶ 17 and 21 ("current felony sentencing statutes do not allow a sentencing court to suspend a prison term" and the court's issuance of a suspended sentence was contrary to law and constituted plain error); *State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21 (3d Dist.) ("there is no provision in the sentencing statute which permits a court to suspend a prison term") (citation omitted).

7

{¶18} We are aware of no authority providing for the imposition of suspended sentences for these offenses and Burrell does not provide contrary arguments on the merits of this issue, arguing only in his brief that the matter is moot. "[C]ourts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." *State v. Smith*, 42 Ohio St.3d 60, 537 N.E.2d 198 (1989), paragraph one of the syllabus. The trial court failed to order either the imposition of a prison term or a term of community control as required under the sentencing statutes on the relevant offenses. *Anderson* at ¶ 23. We find that the trial court erred in ordering suspended sentences for Illegal Conveyance and Aggravated Possession of Drugs (Count Six), vacate those sentences, and remand this matter for resentencing on those offenses. *See Lugo-Casiano* at ¶ 22 ("[t]he suspended sentence is vacated and the case is remanded for resentencing").

{¶19} The sole assignment of error is with merit.

{¶20} For the foregoing reasons, Burrell's sentences for Illegal Conveyance of Prohibited Items onto the Grounds of a Detention Facility and Aggravated Possession of Drugs (Count Six) are reversed and this matter is remanded for further proceedings consistent with this opinion. Cost to be taxed against appellee.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

8

Case No. 2023-P-0053