[Cite as *State v. Rutter*, 2025-Ohio-2899.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | : C.A. No. 2025-CA-7 |
| Appellee | : |
| | : Trial Court Case No. 20CR249 |
| v. | : |
| | : (Criminal Appeal from Common Pleas |
| THOMAS R. RUTTER | : Court) |
| | : |
| Appellant | : **FINAL JUDGMENT ENTRY &** |
| | : **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 15, 2025, this appeal is dismissed as moot.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

TUCKER, J., and HANSEMAN, J., concur.

**OPINION**
MIAMI C.A. No. 2025-CA-7

CHRIS BECK, Attorney for Appellant
BRANDON S. MYERS, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Thomas R. Rutter appeals from a judgment of the Miami County Court of Common Pleas, which imposed six months in jail for violating the terms of his community control for nonsupport of dependents. Rutter did not seek a stay of his jail sentence, his sentence has been served, and his community control has been terminated. Accordingly, his appeal is dismissed as moot.

## I. Facts and Procedural History

{¶ 2} In June 2020, Rutter was indicted on two counts of felony nonsupport of dependents for the periods of October 1, 2013, to September 30, 2015 (Count Two) and October 1, 2015, to September 30, 2017 (Count One). A year later, he pled guilty to both counts. On July 14, 2021, the trial court sentenced Rutter to three years of community control with numerous conditions, including special conditions that he pay restitution of $12,164.12 to the Ohio Child Support Payment Center, a minimum of $250 per month toward his child support arrearage, and a $25 monthly supervision fee. He was required to meet with his probation officer monthly. Rutter was subject to 12 months in prison on each count if he violated the terms of his community control.

{¶ 3} Rutter failed to meet with his probation officer in October 2021, and the probation officer asked for a capias for his arrest. Rutter was arrested on September 28, 2024, approximately three years later. Soon after, the trial court ordered Rutter to appear for allegedly violating six conditions of his community control. At a hearing on October 8, 2024,

Rutter admitted to the violations. The trial court extended Rutter's community control for two years with modifications, including requirements that he meet weekly with his probation officer and serve 40 days of local incarceration. The court ordered that he return for a review hearing on November 18, 2024, following his release from jail.

{¶ 4} The trial court continued Rutter's community control on November 19, 2024, and again on December 31, 2024, when it held another review hearing. However, at a final review hearing on January 14, 2025, the court imposed six months in jail (with 40 days of jail-time credit) on each count nonsupport of dependents, to be served concurrently. It stated that his community control would be terminated unsuccessfully upon the completion of the jail sentence. Rutter was ordered to pay $9,928.25 in restitution and court costs of $701.50.

{¶ 5} Rutter appeals from the trial court's judgment, claiming that the trial court erred in imposing a jail sentence for his nonsupport of dependents. He argues that the trial court sentenced him to jail without considering the purposes and principles of sentencing, including his ability to pay the financial sanction that was imposed.

## II. Mootness

{¶ 6} Before we turn to the argument Rutter raises, we must consider whether his appeal is moot.

{¶ 7} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970); *State v. Smith*, 2019-Ohio-3592, ¶ 8 (2d Dist.). "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55. Appellate courts lack jurisdiction to consider the merits of a moot appeal. *See State v. Berndt*, 29 Ohio St.3d 3, 4 (1987); *Smith* at ¶ 9.

{¶ 8} An appeal challenging a felony *conviction* is not moot, even if the entire sentence has been satisfied, because the defendant has a substantial stake in the judgment of conviction that survives satisfaction of the judgment. *State v. O'Mara*, 2024-Ohio-757, ¶ 22 (2d Dist.), citing *State v. Golston*, 71 Ohio St.3d 224, 224-225, syllabus.

{¶ 9} In contrast, an appeal related to a completed felony *sentence* is moot when there is no indication that the sentence, as opposed to the conviction, will cause the defendant to suffer some collateral disability or loss of civil rights. *State v. Ingledue*, 2019-Ohio-397, ¶ 10 (2d Dist.); *State v. Hatfield*, 2019-Ohio-3291, ¶ 15 (2d Dist.). In these cases, there is no remedy that we can offer. *Hatfield* at ¶ 17. Of relevance here, we have held that an appeal from an order modifying community control sanctions was moot where the trial court imposed a jail sentence as a sanction for violating community control, the jail sentence had been served, and the defendant's community control had been terminated. *State v. Oglesby*, 2020-Ohio-394 (2d Dist.).

{¶ 10} "A court may consider extrinsic evidence from outside the record to determine mootness." *Pruitt v. Pruitt*, 2022-Ohio-2058, ¶ 14 (2d Dist.), citing, *e.g., State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8.

{¶ 11} In this case, the trial court ordered Rutter to serve concurrent terms of six months in jail, with 40 days of jail-time credit, as a sanction for violating his community control. Rutter began serving his sentence immediately after the January 14, 2025 hearing. He did not seek a stay of his sentence, either from the trial court or this appellate court. Miami County Jail records, which are readily available online, substantiate that he has been released from jail for these offenses. Rutter's community control was terminated upon his release from jail, and he is no longer under the court's supervision for this case. Although the trial court ordered Rutter to pay restitution and court costs, he does not challenge those

portions of his sentence on appeal. Rather, he asks only that we vacate his jail sentence, which is relief that we cannot provide. Consequently, Rutter's appeal is moot.

### III. Conclusion

{¶ 12} The appeal is dismissed as moot.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.