[Cite as *State v. Pigg*, 2026-Ohio-375.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-44 |
| Appellant | : | |
| | : | Trial Court Case No. 2025CR0045 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| BOBBIE ALAN PIGG | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 6, 2026, the judgment of the trial court is vacated only as to appellee's sentence, and the matter is remanded to the trial court for resentencing.

Costs to be paid by the State.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

ROBERT G. HANSEMAN, JUDGE

EPLEY, J., concurs.

HUFFMAN, J., concurring.

GREENE C.A. No. 2025-CA-44


MEGAN A. HAMMOND, Attorney for Appellant
COLIN P. COCHRAN, Attorney for Appellee


HANSEMAN, J.

{¶ 1} The State of Ohio appeals from a judgment of the Greene County Court of Common Pleas sentencing Bobbie Alan Pigg to four months in jail for one fifth-degree felony count of aggravated possession of drugs. In support of its appeal, the State contends that Pigg's jail sentence is contrary to law because the length of the sentence falls below the prescribed statutory range for fifth-degree felonies. In response, Pigg claims that the State's appeal should be dismissed as moot because he has already completed the four-month sentence and has been released from jail.

{¶ 2} For the reasons outlined below, we find that the State's appeal is not moot and that Pigg's sentence is contrary to law. Although the State did not object to Pigg's sentence in the proceedings below, the sentence may be reviewed for plain error. Because it is well established that plain error arises from a sentence that is contrary to law, the judgment of the trial court is vacated only as to Pigg's sentence, and this matter is remanded to the trial court for the sole purpose of resentencing Pigg in accordance with the law.

**Facts and Course of Proceedings**

{¶ 3} On January 31, 2025, a Greene County grand jury returned an indictment charging Pigg with one fifth-degree felony count of aggravated possession of drugs with a forfeiture specification. After negotiating a plea agreement with the State, Pigg pleaded guilty to the indicted charge and specification. The parties' plea agreement did not include an

2

agreed sentence, but required the State to recommend that the trial court impose community control sanctions at sentencing.

{¶ 4} On August 27, 2025, the trial court held Pigg's sentencing hearing. During the sentencing hearing, the trial court found that Pigg was not amenable to community control sanctions. Thereafter, the trial court found that R.C. 2929.34(B)(3), a statute involving the Targeted Community Alternatives to Prison program ("TCAP"), applied to Pigg's offense. This statute prevents common pleas courts in voluntary counties, such as Greene County, from sentencing a fifth-degree felony offender to serve time in an institution that is under the control of the Ohio Department of Rehabilitation and Correction. R.C. 2929.34(B)(3)(c)(i). Instead, the statute requires such an offender to serve his or her term of confinement "in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse; in a community alternative sentencing center or district community alternative sentencing center"; or in some cases, "a minimum security jail." R.C. 2929.34(B)(3)(c)(i) and (C). As a result of this statutory requirement, the trial court sentenced Pigg to serve four months in the Greene County Jail.

{¶ 5} On September 22, 2025, the State filed a timely appeal from the trial court's sentencing judgment. In its appellate brief, the State raised one assignment of error for review.

**Assignment of Error**

{¶ 6} Under its assignment of error, the State argues that Pigg's four-month jail sentence is contrary to law because the length of the sentence falls below the prescribed statutory range for fifth-degree felonies. Pigg does not dispute the State's argument. Instead he claims that the State's appeal is moot because he has already completed his jail

3

sentence. We address each argument separately, beginning with Pigg's claim that the State's appeal is moot.

*The State's Appeal is Not Moot*

**{¶ 7}** "Appellate courts lack jurisdiction to consider the merits of a moot appeal." *State v. Jones*, 2024-Ohio-4604, ¶ 10 (2d Dist.), citing *State v. Berndt*, 29 Ohio St.3d 3, 4 (1987), and *State v. Smith*, 2019-Ohio-3592, ¶ 9 (2d Dist.). "An assignment of error is moot when it cannot have '"any practical legal effect upon a then-existing controversy."'" *State v. Gideon*, 2020-Ohio-6961, ¶ 26, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist. 1948), quoting *Ex parte Steele*, 162 F. 694, 701 (N.D.Ala. 1908); *accord Jones* at ¶ 10 ("'[i]ssues are moot when they lack practical significance and, instead, present academic or hypothetical questions'"), quoting *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.).

**{¶ 8}** Generally speaking, "an appeal related to a completed felony sentence is moot when there is no indication that the sentence, as opposed to the conviction, will cause the defendant to suffer some collateral disability or loss of civil rights." (Emphasis deleted.) *State v. Rutter*, 2025-Ohio-2899, ¶ 9 (2d Dist.), citing *State v. Ingledue*, 2019-Ohio-397, ¶ 10 (2d Dist.), and *State v. Hatfield*, 2019-Ohio-3291, ¶ 15 (2d Dist.). Therefore, "'when the prison sentence has already been served and the underlying conviction is not at issue, an assertion that the trial court erred in determining the length of that sentence is a moot issue because no relief can be granted." *State v. Burrell*, 2024-Ohio-638, ¶ 8 (11th Dist.), quoting *State v. Biscardi*, 2019-Ohio-4653, ¶ 13 (11th Dist.).

**{¶ 9}** "The foregoing authority, however, is cited in relation to appeals by criminal defendants requesting a reduction of their sentences rather than in a sentencing appeal by the State." *Burrell* at ¶ 8. "In the case of a defendant seeking to reduce his sentence, the completion of this sentence renders it impossible for the appellate court to provide such a

4

remedy." *Id.* at ¶ 9. That is, "[a] sentence that has already been completed cannot be lessened or negated in any meaningful way." *State v. Marcum*, 2015-Ohio-5237, ¶ 7 (10th Dist.); *accord Rutter* at ¶ 9 (noting that "[i]n these cases, there is no remedy that we can offer"), citing *Hatfield* at ¶ 17.

{¶ 10} "In contrast, in the case of an appeal filed by the State, completion of the sentence issued by the trial court does not prevent the defendant from serving a potentially longer sentence if one is ordered on appeal." *Burrell* at ¶ 9. Therefore, "the same reasoning does not apply when the state is the party appealing a sentence, as is the case here, because the state's challenge to the leniency of a sentence can result in an effective remedy." *Marcum* at ¶ 7, citing *Scheerer v. Munger*, 230 Ariz. 137 (Ariz.App. 2012). Accordingly, it is more accurate to say that "a *defendant's* appeal of a sentence already served is moot." (Emphasis added.) *Id.*, citing *Columbus v. Duff*, 2005-Ohio-2299, ¶ 12 (10th Dist.). The same is not true when the State initiates the appeal.

{¶ 11} In this case, the State has appealed Pigg's four-month jail sentence on grounds that the length of the sentence falls below the prescribed statutory range for fifth-degree felonies. Even though Pigg has already completed the sentence, the State still has an effective remedy by way of having the trial court resentence Pigg to a longer jail term that complies with the statutory range. Accordingly, the State's appeal is not moot.

*The Trial Court Has Authority to Resentence Pigg*

{¶ 12} Although it was not discussed by the parties, we find it prudent to address whether the trial court has authority to resentence Pigg given that Pigg has completed his four-month jail sentence.

{¶ 13} The Supreme Court of Ohio has stated that "'so long as a timely appeal is filed from the sentence imposed, the defendant and the state may challenge any aspect of the

5

sentence and sentencing hearing, and the appellate court is authorized to modify the sentence or remand for resentencing to fix whatever has been successfully challenged.'" *State v. Christian*, 2020-Ohio-828, ¶ 14, quoting *State v. Holdcroft*, 2013-Ohio-5014, ¶ 9, *overruled on other grounds by State v. Harper*, 2020-Ohio-2913.

{¶ 14} The Supreme Court of Ohio has also explained that "a defendant's legitimate expectation of finality plays [a role] in constraining the court's authority to review a sentence." *Holdcroft* at ¶ 18. "However, the expectation of finality in a sentence that prevents resentencing for the same offense does not mature until the direct appeal is concluded or the time to appeal has expired." *State v. Armengau*, 2020-Ohio-3552, ¶ 17 (10th Dist.), citing *Christian* at ¶ 16-18 and *State v. Roberts*, 2008-Ohio-3835, ¶ 16. In other words, "a defendant 'has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired.'" *Christian* at ¶ 17, quoting *United States v. DiFrancesco*, 449 U.S. 117, 136 (1980). Therefore, "'[w]hen there is no legitimate expectation of finality in a sentence that remains subject to direct review, the defendant may be resentenced even after the defendant is released from prison.'" *Burrell*, 2024-Ohio-638 at ¶ 10 (11th Dist.), quoting *Marcum*, 2015-Ohio-5237at ¶ 8 (10th Dist.); *Christian* at ¶ 18 ("[b]ecause [defendant's] sentences . . . were subject to correction . . ., [defendant] had no expectation of finality in those portions of her original sentence," and it was appropriate to resentence her although she had completed her previously ordered prison term).

{¶ 15} In this case, the State initiated a timely direct appeal from Pigg's sentence on September 22, 2025. Pigg thereafter completed his sentence and was released from jail on November 14, 2025. Given the State's timely, direct appeal, Pigg had no legitimate expectation of finality in his sentence. Under these circumstances, the timely direct appeal

6

initiated by the State quells any concerns about the trial court lacking authority to resentence Pigg. *See Burrell* at ¶ 12, citing *Armengau* at ¶ 17.

{¶ 16} Because the present appeal is not moot and because Pigg's jail sentence is subject to correction by the trial court, we proceed to review whether Pigg's sentence is contrary to law.

*Pigg's Four-Month Jail Sentence Is Contrary to Law*

{¶ 17} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 7. Under this statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law. *Id*. at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 18} "[O]therwise contrary to law" means "'"in violation of statute or legal regulations at a given time."'" *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). For example, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" (Bracketed text in original.) *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.), quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶ 19} In this case, the trial court sentenced Pigg for aggravated possession of drugs as a fifth-degree felony. Under R.C. 2929.14(A)(5), fifth-degree felonies are subject to a definite term of six, seven, eight, nine, ten, eleven, or twelve months in prison. As previously discussed, R.C. 2929.34(B)(3) applied to Pigg's offense and prohibited the trial court from

sending Pigg to prison, i.e., an institution under the control of the Ohio Department of Rehabilitation and Correction. We note that R.C. 2929.34(B)(3) simply affected where Pigg could serve his statutorily required period of confinement, not the period of confinement itself. Here, the trial court sentenced Pigg to serve four months in the Greene County Jail. The four-month term, however, falls below the authorized range of terms provided for in R.C. 2929.14(A)(5). As a result, Pigg's four-month jail sentence is contrary to law.

*The Sentencing Error Constitutes Plain Error*

**{¶ 20}** The State did not object to Pigg's jail sentence in the proceedings below and therefore waived all but plain error for appeal. *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 (unobjected-to sentencing error waived all but plain error for appeal), citing *State v. Hunter*, 2011-Ohio-6524, ¶ 152; *State v. Reyes*, 2023-Ohio-3798, ¶ 4-11 (8th Dist.) (applying plain error analysis where the State failed to object to the sentencing error). In accordance with Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To establish plain error, a party "must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial." *State v. Davis*, 2008-Ohio-2, ¶ 378, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002) and Crim.R. 52(B). "'It is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error.'" *Burrell*, 2024-Ohio-638 at ¶14 (11th Dist.), citing *State v. Efford*, 2023-Ohio-3360, ¶ 18 (8th Dist.); *State v. Hazel*, 2012-Ohio-835, ¶ 60 (2d Dist.) ("[a] sentence that is contrary to law is void and amounts to plain error").

**{¶ 21}** Here, we find that it was plain error for the trial court to sentence Pigg to four months in jail when the law required Pigg to be confined for six, seven, eight, nine, ten, eleven, or twelve months. The outcome of the sentencing proceeding clearly would have

8

been different had the trial court abided by the law, as Pigg would have served at least two more months in jail. Because Pigg's sentence is contrary to law and amounts to plain error, the State's assignment of error is sustained.

## Conclusion

{¶ 22} Having sustained the State's assignment of error, the judgment of the trial court is vacated only as to Pigg's sentence, and the matter is remanded to the trial court for the sole purpose of resentencing Pigg in accordance with the law.

. . . . . . . . . . . . .

EPLEY, J., concurs.

HUFFMAN, J., concurs:

{¶ 23} While I concur in the opinion of the majority, I write separately to emphasize that there was a means by which the trial court could have imposed a four-month jail term as part of Pigg's sentence without acting contrary to law. R.C. 2929.15 authorizes a court to impose community control sanctions as the sentence of an offender, such as Pigg, convicted of the offense of aggravated possession of drugs, a felony of the fifth degree. Additionally, R.C. 2929.16(A)(2) permits a trial court to include a jail term of up to six months among the sanctions imposed on community control. Therefore, if the trial court had sentenced Pigg to community control sanctions, a permissible sanction could have included a four-month jail term, and the sentence would not have been contrary to law.

9